UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| YOUNG OIL CORPORATION | ) | CASE NO.  09-10907(1)(11) |
| YOUNG OPERATING COMPANY | ) | 09-11323(1)(11) |
| | ) | |
| Debtor(s) | ) | JOINTLY ADMINISTERED |

## MEMORANDUM-OPINION

This matter came before the Court on the Objection of Debtor Young Oil Corporation ("Debtor") to the Proof of Claim No. 25 of Commonwealth of Kentucky, Department of Financial Institutions ("DFI") and the Motion of Debtor to Enforce Automatic Stay, the Responses to the Objection and the Motion of DFI and the comments of counsel for both parties at the hearing held on the matters.  For the following reasons the Court will set the Debtor's Objection for an evidentiary hearing and enter an Order granting the Motion to Enforce the Automatic Stay.

## LEGAL ANALYSIS

On August 31, 2009, DFI filed Proof of Claim No. 25 in the amount of $20,000,000.  This amount represents the anticipated disgorgement amount to be received by DFI from Debtor due to the decision of the Franklin Circuit Court ("the state court action") that Debtor committed fraud under the Securities Act of Kentucky.  The state court action was bifurcated with that court's decision on liability issued in August of 2009.  The second phase of that case, currently scheduled to begin in January 2010, relates to damages.  Debtor seeks an Order from this Court enforcing the automatic stay of 11 U.S.C. §362 prohibiting the second phase of the state court action.

DFI contends that it may proceed to obtain entry of a money judgment against Debtor in the state court action under the police powers exception of 11 U.S.C. §362 in the exercise of its regulatory powers. DFI contends it will not enforce the judgment, but only seeks entry of the monetary judgment in an effort to protect the public from "fraudulent or deceptive practices in securities transactions."

DFI's efforts in the state court action resulted in an Order finding that the totality of funds raised by Debtor in 57 public offerings resulting in unjust enrichment of Debtor by $20,000,000. Each individual group of investors under each public offering has its own remedy under Kentucky Securities law. See, KRS §292.480. This remedy may include recision, restitution or recovery from property of the Debtor's bankruptcy estate. Despite this admission by DFI at the recent hearing on this matter, DFI contends that it is not acting as a conduit for the claims of individual investors. If DFI receives the $20,000,000, it stated that the funds would be put into an investor protection fund for education on securities laws for the public good or the state would decide how the funds would be distributed. Most importantly, DFI acknowledged that if the state takes possession of the $20,000,000, a constructive trust on the funds would not be created in favor of the claimants to the funds.

In Chao v. Hospital Staffing Services, Inc., 270 F.3d 374, 382 (6th Cir. 2001), the court set forth two tests used to determine whether a governmental entity's actions fall within the police and regulatory exception to the automatic stay. The first is the pecuniary purpose test. Under this test, the court's determination relates to whether the proceeding is for the protection of the government's pecuniary interest in the debtor's property or matters of public safety. Those matters which relate primarily to matters of public safety are excepted from the stay. The second test is the public policy

2

test. This test requires the court to distinguish between proceedings that adjudicate private rights and those that effectuate public policy. Those proceedings that effectuate public policy are excepted from the stay. Id. at 385, 86.

In the damages portion of the state court action, DFI is attempting to protect the government's pecuniary interest in estate property. This Court already has a procedure under the Bankruptcy Code for the adjudication of claims. If DFI proceeds to the second phase of the state court action, it will in effect, place its claim in a priority status over other creditors, which is not permitted under the Bankruptcy Code's distribution scheme. DFI's objectives in the second phase of the state court action violate the automatic stay of 11 U.S.C. §362, fails the pecuniary interest test and seeks a determination on estate property. Any decision regarding estate property is the jurisdiction of this Court.

If DFI's actions are meant to serve public policy, the injunction currently in place and the Order of the Franklin Circuit Court issued in August 2009 serves that purpose. DFI has its Proof of Claim on file and with that filing submitted itself to the jurisdiction of this Court and this Court's claim procedure. Any further action concerning an adjudication in the state court action on damages violates 11 U.S.C. §362 and is prohibited. Accordingly, Debtor's Motion to Enforce Automatic Stay as to Kentucky Department of Financial Institutions will be **GRANTED**.

## CONCLUSION

For all of the above reasons, the Motion of Debtor to Enforce Automatic Stay is **GRANTED** by separate Order and the Objection of Debtor to Proof of Claim No. 25 of Commonwealth of Kentucky, Department of Financial Institutions shall be scheduled for an evidentiary hearing by separate Order.

3

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 12, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| YOUNG OIL CORPORATION | ) | CASE NO.  09-10907(1)(11) |
| YOUNG OPERATING COMPANY | ) | 09-11323(1)(11) |
| | ) | |
| Debtor(s) | ) | JOINTLY ADMINISTERED |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Debtor to Enforce the Automatic Stay as to the Kentucky Department of Financial Institutions for the prosecution of the state court action referenced below be, and hereby is, **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Kentucky Department of Financial Institutions be, and hereby is, enjoined and prohibited from further prosecution of the case styled, <u>Commonwealth of Kentucky, Ex Rel., The Executive Director of the Office of Financial Institutions v. Young Oil Corporation, et al.</u>, Case No. 07-CI-1930 in the Commonwealth of Kentucky Franklin Circuit Court.  This Order was entered without prejudice to the Kentucky Department of Financial Institutions' right to seek modification of the prohibition herein, if necessary.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  November 12, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| YOUNG OIL CORPORATION | ) | CASE NO.  09-10907(1)(11) |
| YOUNG OPERATING COMPANY | ) | 09-11323(1)(11) |
| | ) | |
| Debtor(s) | ) | JOINTLY ADMINISTERED |
| _____) | | |

## ORDER FOR EVIDENTIARY HEARING

The above-styled case comes before the Court *sua sponte,* and being otherwise sufficiently advised,

IT IS HEREBY ORDERED:

(A) That the Objection of the Debtor, Young Oil Corporation, to the Proof of Claim No. 25 of Commonwealth of Kentucky, Department of Financial Institutions (Document No. 148) is scheduled for an evidentiary hearing on **February 17, 2010 at 10:00 A.M. (Central Time) at the Warren County Justice Center, Circuit Court Room "B", 4th Floor, 1001 Center Street, Bowling Green, Kentucky**.

(B) That all time periods referred to herein shall be computed in accordance with Bankruptcy Rule 9006.

(C) That fifteen (15) days before the evidentiary hearing parties shall serve upon all parties and the Court:

(1) A List of Witnesses to be called at the hearing,

(2) A list of Exhibits that complies with the requirements of the Clerk's Office Administrative Manual.  The parties shall also produce for inspection by opposing parties, all Exhibits that are to be placed into evidence at the hearing.

(D) That at least ten (10) days before the evidentiary hearing the parties shall file with the Court and provide a copy to all other parties a Memorandum of Law which sets forth (a) the issues in question, (b) a brief summary of what the evidence will tend to prove and (c) any case authorities or statutes in support of the parties, respective position.

(E) That at least five (5) days before the hearing the parties shall electronically file with the Court and provide a copy to all other parties:

(1) An original copy of each Document and/or written Exhibit, in addition to providing to the Court three (3) copies of said Document and/or written Exhibit, and

(2) Written Objections to the authenticity and/or admissibility of the Exhibit. Failure to make such objections shall result in the Exhibit being deemed admitted.

IT IS FINALLY ORDERED that a party who without substantial justification fails to disclose information as required shall not be permitted to use such evidence, witness (es) or information at hearing unless such failure to disclose is harmless. Furthermore, failure to comply with this Order may result in dismissal of the case and/or other appropriate sanctions.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 13, 2009